1  JANE M. EBERHARDY, ESQ.
   Nevada State Bar No. 004254
2  LAW OFFICES OF ARTHUR W. TUVERSON
   A Limited Liability Partnership
3  Including Professional Corporations
   7201 West Lake Mead Boulevard, Suite 410
4  Las Vegas, Nevada 89128
   Telephone: (702) 631-7855
5  Facsimile: (702) 631-5777

6  Attorneys for Defendant
   American Family Mutual Insurance Company

7

8                    **UNITED STATES DISTRICT COURT**

9                          **STATE OF NEVADA**

10

11  TRISHA GALANG,                          CASE NO.:
                                            DEPT. NO.:
            Plaintiff,
12
       v.                                   **NOTICE OF REMOVAL**
13
    AMERICAN FAMILY MUTUAL
14  INSURANCE COMPANY; AMERICAN
    FAMILY INSURANCE; DOES I through V;
15  and RORE CORPORATIONS I through IV,
    inclusive,
16
            Defendants.
17

18          Defendant American Family Mutual Insurance Company ("AMERICAN FAMILY")

19  proceeds, by and through its attorneys, Jane Eberhardy, Esq. of the Law Offices of Arthur W.

20  Tuverson, and pursuant to 28 USC §§1441 and 1446, hereby removes this action from the Eighth

21
22  Judicial District Court for Clark County, State of Nevada, (Case No. A-09-603504-C) to the

23  United States District Court for the District of Nevada.  In support of this Removal, American

24  Family states as follows:

25                              **BASIS FOR REMOVAL**

26          1.      This matter is removable pursuant to 28 USC §1441(b) which provides in relevant

27  part:

28

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

1  "Any action of which the District Courts have original jurisdiction founded on a

2  claim or right arising under the Constitution, Treatises, or laws of the United States

3  shall be removable without regard to the citizenship or residency of the parties.

4  Any other such action shall be removable only if none of the parties in interest

5  properly joined and served as defendants, is a citizen of the state in which such

6  action is brought."

7

8  2.     Defendant, American Family, is a Wisconsin Corporation with its principal place of

9  business in that State.

10  3.     Plaintiff, Trisha Galang, is a resident of the City of Henderson, County of Clark,

11  State of Nevada.

12  4.     DOES I through V and Corporations I through IV are named and sued fictiously

13  and their citizenship is disregarded as a matter of law for purposes of removal on grounds of

14  diversity jurisdiction.

15  5.     The Complaint in the State Court action was served on American Family by

16  certified mail, on June 22, 2010, and received by American Family on or about June 29, 2010.

17  This Notice of Removal is timely pursuant to 28 USC §1446(b).

18  6.     As of the filing of this notice, the docket in the State Court action reflects that there

19  are no other parties in the State Court action.

20  7.     Venue is proper in the Southern Division of the District of Nevada pursuant to 28

21  USC §1441(b) because this Division embraces the place where the State Court action is pending.

22  8.     The sum of the damages alleged by Plaintiff necessarily exceeds $75,000.00

23  exclusive of interest and costs, based on the following facts:

24      a)     The Complaint alleges claims for Breach of Contract, Unfair Claims

25  Practice Violation of NRS 686A.310, and Breach of the Covenant of Good Faith and Fair

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 West Lake Mead Boulevard, Suite 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 651-7855

Dealing.

b)        Plaintiff prays for recovery of general damages in excess of $10,000.00; special damages for medical treatment care and cost incidental thereto, when the same has been fully ascertained; for punitive damages; for pre-judgment interests; for reasonable attorney's fees; and, costs of suit.  Plaintiff alleges that her medical bills total approximately $53,848.56 and the tortfeasor policy of $100,000.00 was not enough to compensate plaintiff for her injuries.  Plaintiff states that her underinsured motorist benefits in the amount of $100/$300 per person is what is in controversy.  (*See* p.5 of ¶35 of Exhibit "B.")

9.        This Court has original jurisdiction over the subject matter of this action pursuant to 28 USC §1332 in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  (*See* copy of Amended Complaint attached as Exhibit "B.")

10.       The Complaint in the State Court action was served on American Family, by certified mail, on June 22, 2010 and received by American Family, on or about June 29, 2010.  This Notice of Removal was timely filed pursuant to 28 USC §1446(b).  (*See* Proof of Service attached as Exhibit "A.")

11.       American Family will file a copy of this Notice of removal with the Clerk of the Eighth Judicial District Court.

12.       Pursuant to 28 USC §1446(a), a copy of the Complaint  (Exhibit "B") and a copy of American Family's Answer, Exhibit "C," which is being concurrently filed in the State Court action as of this date.

///

///

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

13.     WHEREFORE, Defendant American Family, respectfully gives this Notice of Removal of this matter from the Eighth Judicial District Court of Clark County, Nevada, to the United States District Court for the District of Nevada.

DATED: July 22, 2010

LAW OFFICES OF ARTHUR W. TUVERSON

BY: _____
JANE M. EBERHARDY, ESQ.
Nevada State Bar No. 004254
7201 West Lake Mead Boulevard
Suite 410
Las Vegas, Nevada 89128
(702) 631-7855
Attorneys for Defendant
American Family Mutual Insurance Company

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF ARTHUR W. TUVERSON, and that on this 22nd day of July, 2010, I served a copy of **NOTICE OF REMOVAL** as follows:

☒ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada: and/or

☐ Pursuant to EDCR 7.26, to be sent via facsimile; and/or

☐ To be hand-delivered to the attorneys listed below at the address and/or facsimile number indicated below:

Glenn A. Paternoster, Esq.
Dustin E. Birch, Esq.
AARON & PATERNOSTER, LTD.
2300 West Sahara Avenue, Suite 650
Las Vegas, Nevada 89102
Telephone:  (702) 384-4111
Facsimile:  (702) 387-9739
Attorneys for Plaintiff

_____
An employee of the
LAW OFFICES OF ARTHUR W. TUVERSON

# EXHIBIT "A"

JIM GIBBONS'
*Governor*

DIANNE CORNWALL
*Director*

STATE OF NEVADA

BRETT J. BARRATT
*Acting Commissioner of Insurance*



AN

2010 JUN 2?   PH 1:48

DEPARTMENT OF BUSINESS AND INDUSTRY
### DIVISION OF INSURANCE
2501 E. Sahara Avenue, No. 302
Las Vegas, Nevada   89104
(702) 486-4009   •   Fax (702) 486-4007
E-mail: insinfo@doi.state.nv.us

June 22, 2010

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
# 7009 2250 0000 2396 9671

AMERICAN FAMILY MUTUAL INSURANCE COMPANY
C/O CHRISTOPHER S. SPENCER
6000 AMERICAN PARKWAY
MADISON, WI  53783-0001

Re:   Case No.   **A10603504**
      Case Name:   **Galang v. American Fam. Mut. Ins. Co.**

Dear Mr. Spencer:

The enclosed Summons and Amended Complaint for Bad Faith in the matter referenced above, were delivered to the office of the Commissioner of Insurance, on June 18, 2010, in accordance with NRS 680A.260.  To complete service of process, we are forthwith mailing by certified mail one of the copies of such process to you, the person designated by the insurer to receive such.

Also enclosed herein is a true and correct copy of the Proof of Service in this matter dated June 22, 2010, and a copy of our letter to Plaintiff's counsel, dated June 22, 2010.

You have 30 days from the date of this service to respond.

If you have any questions regarding this service, please do not hesitate to contact us.

Cordially yours,
BRETT J. BARRATT
Acting Commissioner of Insurance

Marilyn Brastield
Service of Process Clerk
Telephone: 702.486.4060
Email: mbrastield@doi.state.nv.us
Enclosures

ONFO Rev. 3-70)

L-295

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Amended Complaint for Bad Faith upon defendant **AMERICAN FAMILY MUTUAL INSURANCE COMPANY** in the within entitled matter, by mailing a copy thereof, properly addressed with postage prepaid, certified mail, return receipt requested, to the following:

**C/O CHRISTOPHER S. SPENCER
6000 AMERICAN PARKWAY
MADISON, WI 53783-0001**

I declare, under penalty of perjury, that the foregoing is true and correct.

**DATED** this 22nd day of June, 2010.

MARILYN BRASFIELD
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

Court: Eighth Judicial District Court, Clark County, Nevada
Case Name:  Galang v. American Fam. Mut. Ins. Co.
Case No. A10603504
Certified Receipt No. 7009 2250 0000 2396 9671

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original

Date: 6-22-10  By: MB   B

-1-

# EXHIBIT "B"

Electronically Filed
05/28/2010 02:10:18 PM

CLERK OF THE COURT

RECEIVED
JUN 18 2010
DIVISION OF INSURANCE
STATE OF NEVADA

1 | **ACOM**
2 | Glenn A. Paternoster, Esq.
  | Nevada Bar No. 5452
3 | Dustin E. Birch, Esq.
  | Nevada Bar No. 10517
4 | AARON & PATERNOSTER, LTD.
  | 2300 West Sahara Avenue, Suite 650
5 | Las Vegas, Nevada 89102
  | (702) 384-4111
6 | (702) 387-9739
  | glenn@aaronpaternoster.com
7 | dustin@aaronpaternoster.com
  | *Attorneys for Plaintiff*

8

9 | **DISTRICT COURT**

10 | **CLARK COUNTY, NEVADA**

11 | TRISHA GALANG,

12 |     Plaintiff, | Case No.: A-09-603504-C

13 |     vs. | Dept. No.: I

14 | AMERICAN FAMILY MUTUAL INSURANCE
   | COMPANY; AMERICAN FAMILY
15 | INSURANCE; DOES I through V; and ROE
   | CORPORATIONS I through IV, Inclusive.

16

17 |     Defendants.

18 | **AMENDED COMPLAINT FOR BAD FAITH**
19 | **(Automatic Exemption Claimed- Bad Faith Insurance)**

20 |     COMES NOW, Plaintiff, TRISHA GALANG, by and through her attorneys of record, GLENN A.

21 | PATERNOSTER, ESQ. and DUSTIN E. BIRCH, ESQ. of the law firm of AARON & PATERNOSTER, LTD.

22 | and for her claims for relief against Defendants, and each of them, alleges as follows:

23 | **GENERAL ALLEGATIONS**

24 |     1.    At all times relevant to this action, Plaintiff, TRISHA GALANG, is and was a resident of

25 | the City of Henderson, County of Clark, State of Nevada.

26 |     2.    Upon information and belief, and at all times relevant to this action, Defendant,

27 | AMERICAN FAMILY MUTUAL INSURANCE COMPANY, erroneously named as AMERICAN

28 | FAMILY INSURANCE, is and was an insurance company licensed to do business in the State of

-1-

1 | Nevada.

2 |     3.     The true names and capacities, whether individual, corporate, associate, or otherwise of

3 | Defendants DOES 1 through 5, inclusive, and ROE CORPORATIONS 1 through 5, inclusive, are

4 | unknown to Plaintiff who therefore sues those Defendants by such fictitious names, but are believed to

5 | be agents, servants, employers, or employees of the other Defendants named in this Complaint. Plaintiff

6 | is informed and believes, and upon such alleges, that each of the Defendants designated as a DOE and/or

7 | ROE CORPORATION is negligently responsible in some manner for the events and happenings

8 | referred to in this Complaint and caused injury and damages directly and proximately to the Plaintiff as

9 | alleged in this Complaint.

10 |     4.     Plaintiff will ask leave of this Court to amend this Complaint and insert the true names

11 | and capacities of said DOES 1 through 5, inclusive, and ROE CORPORATIONS 1 through 5, inclusive,

12 | when the same have been ascertained by Plaintiff, together with the appropriate charging allegations,

13 | and to join these Defendants in this action.

14 |     5.     At all times relevant to this action, Defendants and DOE Defendants insured Plaintiff

15 | through an automobile insurance policy (hereinafter "SUBJECT POLICY"). Under the subject policy,

16 | Plaintiff had underinsured motorist coverage ("UIM") in the amount of $100/$300 per person, as

17 | verified in writing through the Auto Policy Declarations page with Defendant AMERICAN FAMILY

18 | MUTUAL INSURANCE COMPANY.

19 |     6.     At all times relevant to this action, Defendants and DOE defendants, had a duty akin to a

20 | fiduciary duty to Plaintiff under the SUBJECT POLICY.

21 |     7.     The premiums due under SUBJECT POLICY have been paid in accordance with the

22 | terms of the SUBJECT POLICY.

23 |     8.     Plaintiff has performed as requested in accordance with the terms and conditions of the

24 | SUBJECT POLICY.

25 | **FIRST CLAIM FOR RELIEF**<br>**(Breach of Contract)**

26 |

27 |     9.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

28 | through 8 and incorporates the same herein by reference as though fully set forth herein.

10.     On or about the 20th day of September, 2007, at approximately 11:51 a.m., Plaintiff, TRISHA GALANG, was traveling northbound on Rancho at the intersection with Charleston Boulevard. At the same time and place, tortfeasor, LUECHA KWANDHAM, was traveling eastbound on Charleston Boulevard at the intersection with Rancho.  As Plaintiff, TRISHA GALANG, proceeded through the intersection on a green light, tortfeasor, LUECHA KWANDHAM, failed to stop of the red light and proceeded into the intersection striking Plaintiff's, vehicle, causing the injuries and damages complained of (hereinafter referred to as "SUBJECT ACCIDENT").

11.     On September 20, 2007, Plaintiff was seen at St. Rose Dominican Hospital – Sienna Campus with complaints of chest pain, shortness of breath, left shoulder pain, contusions to her face and head.

12.     Plaintiff's medical bills total approximately $53,848.56.

13.     Plaintiff therefore filed a claim for Underinsured Motorists Benefits with the Defendant and the DOE/ROE Defendants.

14.     On or about October 1, 2008, Plaintiff made a demand for settlement to adjuster Armada L. Williams of Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY.  This demand included a summary of the subject incident and a comprehensive medical summary of Plaintiff's injuries.

15.     Plaintiff is entitled to compensation under the insurance contract with Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY.

16.     Defendants and DOE/ROE Defendants failed to make a reasonable settlement offer and Defendant only offered nothing.

17.     Tortfeasor Luecha Kwandham tendered the policy limits of $100,000.00.

18.     Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S failure to tender a reasonable settlement offer constitutes a breach of contract.

19.     As a result of Defendant's Breach of Contract, Defendant is liable to the Plaintiff herein in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

///

///

-3-

## SECOND CLAIM FOR RELIEF

### (Unfair Claims Practice Violations of N.R.S. 686A.310)

20.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 herein above, and incorporate the same by reference as though fully set forth herein.

21.     The Defendant and DOE/ROE Defendants are engaged in the business of insurance in the State of Nevada. As such, and because the SUBJECT POLICY was issued and delivered in the State of Nevada, the Defendant and DOE/ROE Defendants are subject to the provisions of the Nevada Insurance Code, including, but not limited to N.R.S. 686A.310 (hereinafter collectively referred to as "NEVADA UNFAIR CLAIMS STATUTES").

22.     The NEVADA UNFAIR CLAIMS STATUTES imposed upon the Defendant and DOE/ROE Defendants certain duties concerning the investigation, negotiation and settlement of claims. The NEVADA UNFAIR CLAIMS STATUTES were intended to prevent the type of injury and damage set forth herein and Plaintiffs herein is in the class to be protected by the NEVADA UNFAIR CLAIMS STATUTES.

23.     The Defendants and DOE/ROE Defendants violated subsections b, c, d, e and n of N.R.S. 686A.310(1) (said violations collectively hereinafter "SUBJECT STATUTORY VIOLATIONS").

24.     By reason of the conduct of the Defendant and DOE/ROE Defendants, Plaintiff has been and continues to be damaged in an amount which cannot be ascertained at this time. The SUBJECT STATUTORY VIOLATIONS by the Defendant and DOE/ROE Defendants were done without just or reasonable cause and were knowingly committed with the intent to gain for the Defendant and DOE Defendants an unfair advantage over the Plaintiff and to deprive the Plaintiff of the Plaintiff's rightful benefits under the SUBJECT POLICY. The SUBJECT STATUTORY VIOLATIONS were done willfully, fraudulently, maliciously, oppressively, with the conscious disregard for the Plaintiff's rights and with the intent to vex, annoy, harass and injure the Plaintiff. Plaintiff is therefore entitled to punitive damages against the Defendant and DOE/ROE Defendants.

25.     The commission of the SUBJECT STATUTORY VIOLATIONS by the Defendant was clear, knowing, and/or intentional violation of the NEVADA UNFAIR CLAIMS STATUTES.

26.     As a result of the Defendant and DOE/ROE Defendants' violations of N.R.S. 686A.310,

-4-

the Plaintiff has been damaged in excess of TEN THOUSAND DOLLARS ($10,000.00).

27.     Defendant and DOE/ROE Defendants' acts alleged in the above complaint herein combined to create harm to the Plaintiff in such a manner that the Defendant is liable.

28.     In violating N.R.S. 686A.310, the Defendant and DOE/ROE Defendants acted willfully, fraudulently, maliciously, oppressively, and/or with conscious disregard of the Plaintiff's rights and/or with the intent to vex, annoy, harass the Plaintiff and therefore, Plaintiff is entitled to recover punitive damages from the Defendant and DOE Defendants.

### THIRD CLAIM FOR RELIEF

#### (Breach of the Covenant of Good Faith and Fair Dealing)

29.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 herein above, and incorporates the same by reference as through fully set forth herein.

30.     A covenant of good faith and fair dealing was implied in the SUBJECT POLICY.

31.     The Defendant and DOE/ROE Defendants' acts alleged in the Complaint herein combined to create harm to the Plaintiff in such a manner that the Defendant and DOE/ROE Defendants are liable.

32.     The Defendant and DOE/ROE Defendants failed to deal fairly and in good faith with the Plaintiff by refusing without proper cause to compensate the Plaintiff for a loss covered by the SUBJECT POLICY.

33.     At all times relevant to this action, the Defendant and DOE/ROE Defendants had an actual and implied awareness of the absence of a reasonable basis for denying the benefits of the SUBJECT POLICY.

34.     The Defendant and DOE/ROE Defendants breached their covenant of good faith and fair dealing implied in the SUBJECT POLICY by the Defendant and DOE/ROE Defendants' commission of the acts in the above paragraphs.

35.     By reason of the Defendant's breach of covenant of good faith and fair dealing, the Plaintiff has been and continues to be damaged in an amount equal to the benefits that would have been payable under the SUBJECT POLICY, plus interest thereon, attorney's fees, and all consequential damages caused thereby.

36.     In breaching the covenant of good faith and fair dealing, the Defendant and DOE/ROE Defendants acted willfully, fraudulently, maliciously, oppressively, and/or with conscious disregard of the Plaintiff's rights and/or with the intent to vex, annoy, harass the Plaintiff and therefore Plaintiff is entitled to recover punitive damages from the Defendants and DOE/ROE Defendants.

37.     The Plaintiff has been required to retain counsel to represent her in this matter and is entitled to reasonable attorney's fees as an element of tort damages.

WHEREFORE, Plaintiff, TRISHA GALANG, expressly reserving her right to amend this Complaint at the time of trial of this action to include all items of damages not yet ascertained, demand judgment against the Defendants, and each of them, as follows:

1.     General damages in excess of TEN THOUSAND DOLLARS ($10,000.00);

2.     Special damages for medical care and treatment and costs incidental thereto, when the same have been fully ascertained;

3.     Punitive damages;

4.     Prejudgment interest;

5.     Reasonable attorney's fees;

6.     Costs of suit herein; and

7.     For such other and further relief as the Court may deem proper.

DATED this 28th day of May, 2010.

AARON & PATERNOSTER, LTD.

GLENN A. PATERNOSTER, ESQ.
Nevada Bar No. 5452
DUSTIN E. BIRCH, ESQ.
Nevada Bar No. 10517
2300 West Sahara Avenue, Suite 650
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

EXHIBIT "C"

**ANS**
JANE M. EBERHARDY, ESQ.
Nevada State Bar No. 004254
LAW OFFICES OF ARTHUR W. TUVERSON
A Limited Liability Partnership
Including Professional Corporations
7201 West Lake Mead Boulevard, Suite 410
Las Vegas, Nevada 89128
Telephone: (702) 631-7855
Facsimile: (702) 631-5777

Attorneys for Defendant
American Family Mutual Insurance Company

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| TRISHA GALANG, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FAMILY MUTUAL INSURANCE COMPANY; AMERICAN FAMILY INSURANCE; DOES I through V; and RORE CORPORATIONS I through IV, inclusive, <br><br> Defendants. | CASE NO.: A-09-603504-C <br> DEPT. NO.: I <br><br><br> **AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation (hereinafter "Defendant" or "American Family") hereby answers the Complaint of Trisha Galang as follows:

## GENERAL ALLEGATIONS

1.      Answering Paragraph 1 of the Amended Complaint, Defendant admits the allegations contained therein.

2.      Answering Paragraph 2 of the Amended Complaint, Defendant American Family Mutual Insurance Company admits that it is an insurance company and further states that it is a

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

1   Wisconsin Corporation licensed to conduct business within the State of Nevada.

2       3.      Answering Paragraph 3 of the Amended Complaint, Defendant denies all

3   allegations therein for itself.  As to such allegations against DOE and ROE defendants, Defendant

4   is without sufficient information or knowledge to form a belief as to the truth of the allegations

5   therein and on that basis denies them.

6       4.      Answering Paragraph 4 of the Amended Complaint, Defendant denies all

7   allegations therein for itself.  As to such allegations against DOE and ROE defendants, Defendant

8   is without sufficient information or knowledge to form a belief as to the truth of the allegations

9   therein and on that basis denies them.

10      5.      Answering Paragraph 5 of the Amended Complaint Defendant American Family

11  admits that on September 20, 2007, the policy number 1120-9596-01-60-FPPA-NV was in full

12  force and effect and issued to Tricia Galang.  The policy had uninsured motorist coverage for

13  $100,000.00.  As to allegations against DOE and ROE defendants, American Family is without

14  sufficient information or knowledge to form a belief as to the truth of the allegations therein and

15  on that basis deny them.

16      6.      Answering Paragraph 6 of the Amended Complaint, Defendant American Family

17  states that the Nevada Supreme Court described the insurer/insured relationship as one of "special

18  confidences" and the nature of the relationship requires that the insurer must equally consider the

19  insured's interests and its own.  Accordingly, based on Allstate Insurance Company v. Miller, 212

20  P.3d 318, Defendant American Family denies that it has a fiduciary duty to the Plaintiff.  As to

21  such allegations against DOE Defendants, Defendant American Family is without sufficient

22  information or knowledge to form a belief as to the truth of the allegations therein and on that

23  basis deny them.

24      7.      Answering Paragraphs 7, 8, 11, 12, 15, 16, and 17 of Plaintiff's Amended

25  Complaint, Defendant American Family Defendant is without sufficient information or knowledge

26  to form a belief as to the truth of the allegations therein and on that basis denies them.

27                          **FIRST CLAIM FOR RELIEF**

28      9.      Answering Paragraph 9 of the Amended Complaint, Defendant realleges and

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

realizes each and every statement set forth in Paragraphs 1 through 8 as though each were set forth herein verbatim.

10.   In answering Paragraph 10 of the Amended Complaint, Defendant American Family admits that there was an incident on or about September 20, 2007 between Plaintiff Trisha Galang and tortfeasor Leucha Kwandham.  As to the remaining allegations, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations therein and on that basis, denies them.

11.   In answering Paragraph 13 of the Amended Complaint, Defendant American Family admits that Plaintiff is seeking benefits under the Underinsured Motorists portion of policy 1120-9596-01-60-FPPA-NV.   As to such allegations against DOE and ROE Defendants, American Family is without sufficient information or knowledge to form a belief as to the truth of the allegations therein and on that basis, denies them.

12.   In answering Paragraph 14 of the Amended Complaint, Defendant American Family is without sufficient knowledge to form a belief as to the truth of the allegations therein and on that basis, denies them, and also states that NRS 48.105 prohibits the disclosure of any settlement negotiations, and on that basis, American Family will be moving to strike.  As to such allegations against DOE and ROE Defendants, American Family is without sufficient information or knowledge to form a belief as to the truth of the allegations therein and on that basis, denies them.

13.   In answering Paragraphs 18, 19, 23, 25, 26, 27, 28, 31, 32, 33,24, 35, 36, and 37 of the Amended Complaint, this answering Defendant denies the entirety of the allegations contained within these Paragraphs.  As to such allegations against DOE and ROE Defendants, American Family is without sufficient information or knowledge to form a belief as to the truth of the allegations therein and on that basis, denies them.

## SECOND CLAIM FOR RELIEF

14.   In answering Paragraph 20 of Plaintiff's Amended Complaint, Defendant American Family repeats and realleges each and every statement set forth in Paragraphs 1 through 13 as though each were set forth herein verbatim.

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

15.    In answering Paragraph 21 of Plaintiff's Amended Complaint, Defendant American Family is an insurance company incorporated in the state of Wisconsin and licensed to do business in the state of Nevada.    Further, Defendant American Family admits that NRS 686(A).310 is entitled Nevada Unfair Claims Statutes and that Defendant American Family is subject to the provisions of the Nevada Insurance Code.    Defendant American Family states to such allegations against DOE AND ROE Defendants, American Family is without sufficient information or knowledge to form a belief as to the truth of the allegations therein, and on that basis denies them.

16.    In answering paragraph 22 of Plaintiff's Amended Complaint, Defendant American Family states that the Nevada Unfair Claims Statutes speak for themselves and the Plaintiff has not properly cited the language of the Statutes and, on that basis, this answering Defendant American Family is without sufficient information or knowledge to form a belief as to truth of Paragraph 22, and, on that basis, denies the first sentence of paragraph 22.    As to the second sentence regarding injuries to the Plaintiff, Defendant American Family is without sufficient information or knowledge to form a belief in that the paragraph does not properly cited the language of the Statute, and thus on that basis is without sufficient information or knowledge to form a belief as to the truth of the allegations as they relate to the Plaintiff, and therefore, on that basis, denies them.    As to the allegations in Paragraph 22 against DOE and ROE Defendants, this answering Defendant American Family is without sufficient information and knowledge to form a belief as to the truth of the allegations therein, and on that basis, denies them.

17.    In answering Paragraph 24 of Plaintiff's Amended Complaint, this answering Defendant American Family is without sufficient information or knowledge to form a belief as to the statement that:    "Plaintiff has been and continues to be damaged in an amount that cannot be ascertained at this time."    As to such allegations against DOE and ROE Defendants, this answering Defendant American Family is without sufficient information or knowledge to form a belief as to the truth of the first sentence in Paragraph 24 and, on that basis, denies them.    As to the remaining allegations of paragraph 24, Defendant American Family denies the remaining allegations contained within the Paragraph.    As to the remaining allegations against DOE and ROE Defendants, this answering Defendant American Family is without sufficient information or

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

1 | knowledge to form a belief as to the truth of the allegations and, on that basis, denies them.

2 | ### THIRD CLAIM FOR RELIEF

3 | 18.    In answering Paragraph 29 of Plaintiff's Amended Complaint, Defendant American

4 | Family repeats and realleges each and every statement set forth in Paragraphs 1 through 28 as

5 | though each were set forth herein verbatim.

6 | 19.    In answering Paragraph 30 of Plaintiff's Amended Complaint, Defendant American

7 | Family states that every contract drawn in Nevada imposes a duty of good faith and fair dealing on

8 | the contracting parties and on that basis, Defendant American Family admits the allegations

9 | contained in Paragraph 30.  As to such allegations against DOE and ROE Defendants, American

10 | Family is without sufficient information or knowledge to form a belief as to the truth of the

11 | allegations therein and on that basis, denies them.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

The incident alleged in the Amended Complaint, and the resulting damages, if any, to Plaintiff were proximately caused and/or contributed to by Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of this answering Defendant.

#### Third Affirmative Defense

Plaintiff has failed to mitigate her damages, if any, by failing to make a reasonable good faith effort to rehabilitate her alleged injuries.

#### Fourth Affirmative Defense

This answering Defendant could not have averted the damages alleged by Plaintiff.

///

///

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

### Fifth Affirmative Defense

This answering Defendant is not the proximate cause of Plaintiff's injuries and/or damages, if any.

### Sixth Affirmative Defense

This answering Defendant is informed and believes and, based upon said information and belief, alleges that Plaintiff's Amended Complaint, and each and every purported cause of action of said Amended Complaint, fails to establish legal entitlement to insurance benefits.

### Seventh Affirmative Defense

This answering Defendant is informed and believes and, based upon said information and belief, alleges that Plaintiff's Amended Complaint, and each and every purported cause of action of said Complaint, is barred pursuant to the terms, limitations, conditions and exclusions in Defendant's policies.

### Eighth Affirmative Defense

This answering Defendant is informed and believes, and based upon said information and belief alleges that this answering Defendant did not violate any duty owed to Plaintiff under the common law, by statute, or otherwise.

### Ninth Affirmative Defense

Any claim of Plaintiff is barred by the Doctrine of Laches.

### Tenth Affirmative Defense

This answering Defendant is informed and believes, and based upon said information and belief, alleges that Plaintiff is estopped from pursuing any claim against Defendant.

### Eleventh Affirmative Defense

At the time and place alleged in Plaintiff's Amended Complaint, and for a period of time prior thereto, Plaintiff did not exercise ordinary care, caution or prudence for the protection of her

own safety, and the injuries and damages complained of by Plaintiff in the Amended Complaint, if any, were directly and proximately caused and/or contributed to by the fault, failure to act, carelessness and negligence of Plaintiff. Therefore, Plaintiff's claims against this answering Defendant should be denied, or any recovery reduced in proportion to the negligence of Plaintiff.

### Twelfth Affirmative Defense

This answering Defendant alleges that the negligence of the Plaintiff exceeds that of this answering Defendant, if any, and the Plaintiff is thereby barred from any recovery.

### Thirteenth Affirmative Defense

The injuries complained of in Plaintiff's Amended Complaint, if any, were not the result of willful, malicious or deliberate conduct on the part of this answering Defendant.

### Fourteenth Affirmative Defense

This answering Defendant is informed and believes, and based upon said information and belief, alleges that the occurrence referred to in Plaintiff's Amended Complaint, and all injuries and damages, if any, resulting therefrom, were caused by the acts or omissions of a third party over whom this answering Defendant had no control.

### Fifteenth Affirmative Defense

The Plaintiff has failed to fulfill conditions precedent and required pursuant to the insurance policy upon which she seeks to establish coverage.

### Sixteenth Affirmative Defense

Plaintiff lacks legal entitlement to recover her claim as contemplated by the Nevada Supreme Court in *Pemberton v. Farmers Insurance Exchange*, 109 Nev. 789, 8 P.2d 380 (1993).

### Seventeenth Affirmative Defense

Plaintiff has the burden of proving her claim for punitive damages by clear and convincing evidence.

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

LAW OFFICES OF ARTHUR W. TIVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

### Eighteenth Affirmative Defense

The damages allegedly sustained by Plaintiff were the result of Plaintiff's own acts and/or omissions and/or those of others over whom Answering Defendant has no control and said alleged damages are not the result of any acts and/or omissions of Answering Defendant.

### Nineteenth Affirmative Defense

Punitive damages against Answering Defendant are not permissible because Plaintiff cannot establish that Answering Defendant had an "evil mind" and "conducted itself in an aggravated and outrageous manner."

### Twentieth Affirmative Defense

Punitive damages against Answering Defendant are not permissible because Plaintiff cannot establish that Answering Defendant is guilty of oppression, fraud or malice, express or implied.

### Twenty-First Affirmative Defense

Punitive damages against this Answering Defendant are not permissible because Plaintiff cannot establish that any negligence or breach of contract on the part of Answering Defendant qualifies as intentional conduct.

### Twenty-Second Affirmative Defense

The damages alleged in Plaintiff's Amended Complaint, if any, were caused and brought about by an intervening and superseding cause not caused by the Answering Defendant.

### Twenty-Third Affirmative Defense

An award of punitive damages against this Answering Defendant would violate the rights to due process under the Fourteenth Amendment of the United States Constitution, the rights to equal protection under the Fourteenth Amendment of the United States Constitution, and the right not to be subject to excessive fines or penalties under the Eighth and Fourteenth Amendments of

1  the United States Constitution.  No award of punitive damages can be awarded against this

2  Answering Defendant under the facts and circumstances alleged in Plaintiff's Complaint.

3  Answering Defendant further avers that Answering Defendant did not commit any acts of malice,

4  express or implied, fraud or oppression.

### Twenty-Fourth Affirmative Defense

Answering Defendant alleges that Plaintiff's claim for punitive damages is barred by the Constitution of the State of Nevada, as a violation of the Due Process clause.

### Twenty-Fifth Affirmative Defense

Assuming, *arguendo*, that someone acted to cause Plaintiff harm, said actions were without the knowledge, consent, authorization, or ratification of this answering Defendant, Plaintiff's claims against this Defendant therefore are barred.

### Twenty-Sixth Affirmative Defense

The Plaintiff's claim herein is barred by all applicable statutes of limitations.

### Twenty-Seventh Affirmative Defense

Plaintiff is estopped by her own conduct from asserting the allegations contained in her Complaint.

### Twenty-Eighth Affirmative Defense

The Plaintiff herein is barred by the doctrine of laches in that her Amended Complaint pursuing the action set forth therein has proceeded with unreasonable delay in pursuing the actions set forth therein.

### Twenty-Ninth Affirmative Defense

The Amended Complaint herein is barred by the doctrine of unclean hands.

///

///

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

### Thirtieth Affirmative Defense

Plaintiff has waived any rights she may have had to assert the causes of action in the Amended Complaint herein.

### Thirty-First Affirmative Defense

Assuming, *arguendo,* that Defendant has failed to perform, in full or in part, a condition of any contract with Plaintiff, said contract was the product and result of mutual mistake of fact such that Defendant's failure to perform, if any, was necessitated, occasioned and excused thereby.

### Thirty-Second Affirmative Defense

Assuming, *arguendo,* that Defendant has failed to perform, in full or in part, a condition of any contract with Plaintiff, said contract was the product and result of the unilateral mistake of fact such that Defendant's failure to perform, if any, was necessitated, occasioned and excused thereby.

### Thirty-Third Affirmative Defense

Assuming, arguendo, that Defendant is liable for damages suffered by Plaintiff or other persons or entities in this action, or related actions, counter-claims and cross-claims, Plaintiff and such other persons or entities failed to take such action as was necessary, reasonable and proper to minimize and otherwise mitigate said damages. Plaintiff and said other persons and entities are therefore barred from recovering in this case.

### Thirty-Fourth Affirmative Defense

Plaintiff's Amended Complaint, to the extent it seeks punitive damages, violates this answering Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Nevada and, therefore, fails to state a cause of action upon which punitive damages can be awarded.

### Thirty-Fifth Affirmative Defense

That it has been necessary for this Answering Defendant to employ the services of an

1     attorney to defend this action and a reasonable sum should be allowed Answering Defendant as

2     and for attorney's fees, together with its costs expended in this action.

3                    **Thirty-Sixth Affirmative Defense**

4        Pursuant to N.R.C.P. 11, as amended all possible affirmative defenses may not have been

5     alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing

6     of this Answer, and this answering Defendant reserves the right to amend this Answer to allege

7     additional affirmative defenses if subsequent investigation warrants.

8        **WHEREFORE**, the Defendant, AMERICAN FAMILY MUTUAL INSURANCE

9     COMPANY, prays Plaintiff take nothing by way of her Amended Complaint on file herein; for

10    reasonable attorney's fees and costs of suit; and, for such other and further relief as the Court may

11

12    deem just and proper under the circumstances.

13

14    DATED: July 22, 2010            LAW OFFICES OF ARTHUR W. TUVERSON

15

16                          BY: _____

                             JANE M. EBERHARDY, ESQ.

17                          Nevada State Bar No. 004254

                            7201 West Lake Mead Boulevard

18                          Suite 410

                            Las Vegas, Nevada 89128

19                          (702) 631-7855

                            Attorneys for Defendant

20                          American Family Mutual Insurance Company

21

22

23

24

25

26

27

28

LAW OFFICES OF ARTHUR W. TUVERSON
A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the LAW OFFICES OF ARTHUR W. TUVERSON, and that on this 22nd day of July, 2010, I served a copy of **ANSWER TO AMENDED COMPLAINT** as follows:

☒ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada: and/or

☐ Pursuant to EDCR 7.26, to be sent via facsimile; and/or

☐ To be hand-delivered to the attorneys listed below at the address and/or facsimile number indicated below:

Glenn A. Paternoster, Esq.
Dustin E. Birch, Esq.
AARON & PATERNOSTER, LTD.
2300 West Sahara Avenue, Suite 650
Las Vegas, Nevada 89102
Telephone: (702) 384-4111
Facsimile: (702) 387-9739
Attorneys for Plaintiff

_____
An employee of the
LAW OFFICES OF ARTHUR W. TUVERSON

LAW OFFICES OF ARTHUR W. TUVERSON

A LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS
7201 WEST LAKE MEAD BOULEVARD, SUITE 410
LAS VEGAS, NEVADA 89128
TELEPHONE (702) 631-7855